# United States Court of Appeals
# for the Fifth Circuit

————————————

No. 22-10423
Summary Calendar

————————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 17, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Hugo Perez-Mendoza,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-312-1

_____

Before Davis, Smith, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Hugo Perez-Mendoza appeals his sentence for his guilty plea conviction of illegal reentry after removal in violation of 8 U.S.C. § 1326. Renewing an argument made before the district court, Perez-Mendoza challenges the application of the enhanced penalty range in § 1326(b) as unconstitutional because it permits a defendant to be sentenced above the statutory maximum of § 1326(a) based on the fact of a prior conviction that

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10423

was not alleged in the indictment or found by a jury beyond a reasonable doubt. As he correctly concedes, this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). He raises the issue to preserve it for Supreme Court review. The Government has filed an unopposed motion for summary affirmance agreeing that the issue is foreclosed and, in the alternative, requesting an extension of time to file a brief.

Because summary affirmance is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion is GRANTED, and the district court's judgment is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.